GEO. S. MITCHELL, &C., *v.* JOHN WHITMORE, &C.

**Life Estate—Siezen, What Constitutes—Dower and Curtesy.**
    Held, that a parcel of land which was being surveyed, the courses and
distances being an actual seizen of the entire tract by all co-parceners
jointly, though it continued but a moment, and was sufficient in law,
to invest the husband of one of the co-parceners with the right to hold
a life estate by the curtesy in the respective individual interest.

APPEAL FROM JESSAMINE CIRCUIT COURT.

May 13, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The real question involved in this suit is whether Frederick
Whitmore, the ancestor of the appellees, held a life estate as tenant
by the curtesy, in that portion of the land conveyed by Marrs, to
which his declared wife was entitled as one of the heirs of William
Hinds.

It is insisted that he did not hold such estate, because there was
no actual seizen by him of his wife's estate in said land during
coverture. That the entire tract was divided into two distinct and
well-defined parcels, and that his seizen did not extend to any
portion of the tract outside of the parcel conveyed by the remaining
heirs to him. This proportion is correct unless there was an actual
seizen by one or more of the coparceners before the partition
between Whitmore and Marrs. Of this fact we think there can be
no doubt. While it does not appear that any of the coparceners
resided upon the land after the death of William Hinds, and
before the partition, the conveyance from the heirs to Whitmore
and Marrs establishes conclusively that the partition between
them was made by an actual survey. The parcels allotted each and
described by metes and bounds and the courses and distances given
with scrupulous exactness. While this survey was being made,
there was an actual seizen of the entire tract by all of the heirs
jointly, and though it continued but for a moment, it was sufficient
in law to invest the husband of the female coparceners with the
right to hold life estates by the curtesy in their respective undi-
vided interest. It is true that Williams in his work on Real Prop-

erty, seems to regard the possession by the husband of the land of the wife held in coparcenary as insufficient to entitle him to take by the curtesy. But Mr. Kent defines the rule to be that "when a man marries a woman, seized at any time during the coverture of an estate of inheritance in severalty, *in coparcenary,* or in common and hath issue by her born alive * * * he holds the land during his life by the curtesy of England. (Kent's Com. vol. 4, side page 28.) Although we have been unable to find any decision of this court upon the exact question in issue, we think the reason of the law is clearly with Mr. Kent, and are of opinion that Whitmore held an estate for life in the undivided interest of his deceased wife in the land conveyed to and held by Marrs and his vendees. We are of opinion that the verdict of the jury is fully sustained by maintainable evidence, and that if the evidence complained of as being incompetent had been excluded the verdict would necessarily have been the same. The revision by the appellees of the slight excess of land found for them fully cured this error.

Perceiving no error in the proceedings prejudicial to the substantial rights of the appellant, the judgment of the court below must be affirmed.

*Huston, James, for appellant.*
*Kinkead & Darnall, for appellees.*